UNITED STATES DISRTICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MALIK SUPPLY A/S, | § | CIVIL ACTION NO: **1:25-cv-10983** |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | JUDGE: _____ |
| GLOBAL AMERICAN TRANSPORT, LLC, | § | |
| | § | |
| Respondent | § | |
| | | MAGISTRATE JUDGE: _____ |

**PETITION TO CONFIRM AND ENFORCE FINAL ARBITRAL AWARD**

Petitioner, Malik Supply A/S ("Malik"), seeks to confirm and enforce an arbitral award entered against Respondent, Global American Transport, LLC ("GAT"), pursuant to Chapter 2 of the Federal Arbitration Act, 9 U.S.C. § 201-208 ("FAA"). In support, Malik states as follows:

**Parties**

1. Malik, is a limited liability company organized under the laws of Denmark, with its principal place of business located in Aalborg, Denmark.

2. GAT is a limited liability company organized under the laws of the State of Delaware, with its principal place of business located at 77 West Wacker Drive, 45th Floor, Chicago, Illinois, 60601. GAT has not appointed a registered agent in Illinois and, therefore, it irrevocably appoints the Secretary of State of Illinois as its agent for service of process. 850 Ill. Comp. Stat. § 1-50. Malik, concurrently, with the service of this Petition and its accompanying papers upon the Illinois Secretary of State, is forwarding the same documents to GAT via certified mail to its aforementioned business address in Chicago as well as to GAT's registered agent located in Delaware – Harvard Business Services, Inc., 16192 Coastal Highway, Lewes, DE 19958.

1

**Jurisdiction and Venue**

3. This Petition seeks to confirm and enforce the July 3, 2025, Arbitral Award rendered in Copenhagen, Denmark, in favor of Malik and against GAT, over which this Court has subject matter jurisdiction pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201 *et seq*. (the "Convention Act"), which has been codified into law under the FAA, 9 U.S.C. § 1 *et seq*.

4. This Court has subject matter jurisdiction over this action because the district courts of the United States have original jurisdiction over actions and proceedings falling under the Convention Act and such actions are deemed to arise under the laws and treaties of the United States. 9 U.S.C. § 203.

5. Venue is proper in this district because venue is proper in any United States district court which has jurisdiction over actions and awards under the Convention Act. 9 U.S.C. § 204. Venue is also proper because GAT's principal place of business is located within this district.

**General Allegations**

6. On November 26, 2024, GAT placed an order with Malik for the supply of marine fuel (also known as bunkers) with specifications of RMG 380 CST VLSFO 0.5% to the M/V SCHUYLER TRADER, a vessel chartered, managed and / or operated by GAT, for delivery in or near Cochin between December 8 through 12, 2024.

7. GAT's order was confirmed by Malik through the issuance of Sales Order Confirmation No. 67740, dated November 26, 2024, reflecting the supply and acceptance of between 400 to 450 metric tons of bunkers at a price of US$ 606.00 including an agency fee of US$ 350.00 (the "Confirmation," a certified copy of which is attached as Exhibit A to the

2

Declaration of James D. Bercaw, hereafter "Bercaw decl.," para. 4, a copy of which is attached as Exhibit 1).

8. The Confirmation was issued by Malik via email to GAT at OPS@GATRANSPORTLLC.COM at the aforementioned address in Chicago.

9. The Confirmation expressly adopted and incorporated Malik Supply General Terms & Conditions of Sale which were known to GAT and also available for review at www.maliksupply.com/terms-conditions/ (the "Malik GTCs," a certified copy of which is attached as Exhibit B to the Bercaw Declaration.) (Bercaw decl., para. 5; Confirmation; Exh. B, Malik GTCs.)

10. The Confirmation provided further, in relevant part: "Special attention is drawn to Clause 5.7 (Buyer's Indemnification for Seller's Legal and Collection Costs) … [and] Clause 19 (Danish law and NOMA arbitration)". (Bercaw Exh. A.)

11. At no time has GAT disputed that the Malik GTCs were incorporated by reference into the Confirmation. At no time has GAT disputed that the Malik GTCs applied to the Confirmation.

12. The GTCs define "Seller" to include Malik. (Bercaw Exh. B, p. 5, para. 1.9.)

13. The GTCs define "Buyer" to include GAT, the party named on the Confirmation. (*Id*., p. 4, para.1.1.)

14. Paragraph 5.1 of the Malik GTCs provides "The Buyer shall pay the agreed prices as set out in the Seller's Order Confirmation and invoice." (*Id*., p. 7, para. 5.1.)

15. Paragraph 5.6 of the Malik GTCs provides "If payment is not received by [Malik] on the due date [Malik] is entitled to interest at the rate of 3 (three) percent per month compounded each month pro rata without prejudice to any other rights or remedies available to [Malik]. [Malik]

3

shall also be entitled to charge a delayed payment administration fee of USD 5.00 per metric ton supplied with a minimum administration fee of USD 1,000." (*Id*., para. 5.6.)

16. Paragraph 5.7 of the Malik GTCs provides "Any costs incurred by [Malik] due to a breach of [GAT] shall be solely for [GAT's] account. If [GAT] fails to make payment in full on the due date or otherwise breaches the Contract, [Malik] may without notice take legal action (such as ship arrest and / or arbitration) to collect the overdue payment. Any and all costs that [Malik] reasonably incurs as a consequence of [GAT's] breach shall be indemnified by [GAT] upon demand from [Malik]. These costs and expenses include, but are not limited to, interest charges, internal costs, and external costs such as expenses to lawyers, debt collectors, arbitrators or other consultants, court fess, costs for translating documents, bailiff's or Mashall's fees and any collection costs of whatsoever nature. These costs shall be indemnified by [GAT] to [Malik], and [Malik] may invoice these costs from time to time." (*Id*., pp. 7-8, para. 5.7.)

17. Paragraph 19.2 of the Malik GTCs provided for the mandatory arbitration of any disputes arising out of or in connection with the Malik GTCs, under the Nordic Offshore and Maritime Arbitration Association ("NOMA") in Copenhagen. If Malik's principal claim was less than US$ 1 million, the arbitral tribunal shall be composed of a single arbitrator, including an arbitrator of Danish nationality. (*Id*., p. 20, para. 19.2.)

18. Paragraph 19.3 of the Malik GTCs further provided for the arbitration to be conducted under the Fast Track Arbitration Rules of NOMA if the aggregate amount of the claim in dispute did not exceed US$ 250,000 before a sole arbitrator in Copenhagen.

19. On December 9, 2024, Malik supplied and the M/V SCHUYLER TRADER accepted 449.114 metric tons of bunkers in Cochin as reflected on the Bunker Delivery Note, a copy of which is attached as Exhibit 2.

4

20. On December 9, 2024, Malik issued Invoice No. 66429 to GAT in the amount of US$ 272,513.80, which was due 45 days later, a copy of which is attached as Exhibit 3. (Exh. 3, Invoice.)

21. The Invoice expressly adopted and incorporated the Malik GTCs. The Invoice provided further, in relevant part: "Special attention is drawn to Clause 5.7 (Buyer's Indemnification for Seller's Legal and Collection Costs) … [and] Clause 19 (Danish law and NOMA arbitration)". (Invoice.)

22. At no time has GAT disputed that the Malik GTCs were incorporated by reference into the Invoice. At no time has GAT disputed that the Malik GTCs applied to the Invoice.

23. On December 13, 2024, GAT made a partial payment of the Invoice in the amount of US$ 121,500, resulting in an unpaid balance of US$ 151,013.08.

24. Despite repeated demands for payment of the Invoice balance, GAT has not paid that balance, the administration fees, nor any accrued interest.

25. Malik initially retained the experienced and expert maritime lawyers at the HAFNIA Law Firm to collect the amounts GAT owed Malik.

### The Arbitration Proceeding

26. On April 2, 2025, Malik provided GAT with Notice of Arbitration for the unpaid balance, administration fees and interest.

27. On July 3, 2025, the Honorable Lotte Wetterling, sole arbitrator, issued a Final Award, a certified copy of which is attached as Exhibit C to the Bercaw Declaration. (Bercaw decl., para. 6; Exh. C, Final Award.)

28. The Final Award concluded there was a valid arbitration clause in the Malik GTCs, and that the arbitration would proceed under the NOMA Fast Track Arbitration Rules before a sole arbitrator in Copenhagen in the English language. (Bercaw Exh. C, p. 3.)

29. The Final Award noted that ample and proper notice of arbitration was provided to GAT via courier and email concerning the arbitration in Copenhagen and that GAT could attend either physically or digitally/on video if GAT preferred. (*Id.*, pp. 3-6, 13-14.)

30. On July 1, 2025, the oral hearing of the arbitration began at 1:00 p.m. Copenhagen time. A "Teams" link was forwarded to GAT and remained open until 2:00 p.m. Copenhagen time.

31. The only response from GAT was its request to forward communications to two other email accounts, which Malik and the arbitrator did thereafter. GAT did not respond to the other various notices by Malik's counsel or the arbitrator and failed to answer Malik's claims in the arbitration.

## The Final Award

32. The Final Award issued on July 3, 2025, concluded that there was a legally binding and enforceable contract between Malik and GAT, and that the Malik GTCs were duly incorporated into that contract. (*Id.*, p. 9, para. 25, p. 10, para. 31.)

33. The Final Award also concluded that GAT was liable to Malik for the following amounts:

> A. USD 151,013.08 with interest accruing at three (3) percent per month compounded each month pro rata from January 23, 2025, until the date of payment;
>
> B. USD 2,245.57 in administration fees;

6

      C.      DKK (Danish Kroner) 25,600 and SGD (Singapore Dollar) 200 with statutory interest from the date of commencement of the arbitration proceedings on April 2, 2025, until the date of payment; and

      D.      DKK (Danish Kroner) 190,450 as costs of arbitration in full including legal fees of DKK 110,450 and DKK 80,000 as fees of the sole arbitrator, with statutory interest beginning on July 17, 2025, until the date of payment.

34.     All applicable deadlines to appeal the Final Award have expired and therefore the Final Award is final and not appealable.

35.     On July 3, 2025, DKK 1 was equal to US$ 0.1576. https://www.exchange-rates.org/exchange-rate-history/dkk-usd-2025-07-03.

36.     On July 3, 2025, SGD 1 was equal to US$ 0.7843. https://www.exchange--rates.org/exchange-rate-history/sgd-usd-2025-07-03.

37.     The statutory interest rate referenced in and applicable to certain portions of the Final Award was nine and three-quarters (9.75) percent per annum simple interest.

38.     Accordingly, converting the Danish Kroner and Singapore Dollars into United States Dollars, and calculating interest as of September 23, 2025, results in the following arbitral award being awarded Malik against GAT in this proceeding:

      A.      $151,013.08 with interest accruing at three (3) percent per month compounded each month pro rata starting on January 23, 2025, which total accrued compound interest as of September 23, 2025, was US$ 40,285.77 for a subtotal of $191,298.85.

      B.      $2,245.57 for administrative late fees

7

  C. $4,034.56 + $156.86 for a subtotal of $4,191.42, plus statutory interest starting on April 2, 2025, until paid which total simple interest as of September 23, 2025, was $194.91 for a total of $4,386.33.

  D. $30,014.92 plus statutory interest starting on July 3, 2025 until paid which total simple interest as of September 23, 2025, was $656.11 for a total of $30,671.03.

  E. The total of the amounts set forth in subparagraphs 38(A)-(D) is $228,601.78 as of September 23, 2025, although the foregoing compound and simple interest have continued to accrue until paid.

39. Moreover, undersigned counsel were retained by Malik to confirm and enforce the Final Award against GAT in this proceeding, for which Malik is also entitled to recover the attorney's fees and costs of this proceeding.

## Request to Confirm and Enforce the Final Award

40. The United States is a contracting state of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, U.S.T. 2517 (hereafter the "New York Convention"). See http://www.newyorkconvention.org/contracting-states.

41. Denmark is also a contracting state of the New York Convention. See http://www.newyorkconvention.org/contracting-states.

42. Section 201 of the FAA provides "The [New York Convention] shall be enforced in United States courts in accordance with this Chapter [9 U.S.C. § 201 *et seq*.]. 9 U.S.C. § 201.

43. An … arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title [9 U.S.C. § 2], falls under the [New York Convention]. 9 U.S.C. § 202.

8

44. Section 2 of the FAA provides "A written provision in any maritime transaction or a contract evidencing a transaction … shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Section 1 of the FAA defines "maritime transactions" to include "supplies furnished to ships," such as the marine fuel at issue supplied by Malik Supply to GAT's designated vessel. 9 U.S.C. § 1.

45. Accordingly, the Confirmation, the Invoice, and the incorporated by reference Malik GTCs comprise a maritime transaction within the scope of the FAA. 9 U.S.C. § 1.

46. Section 207 of the FAA provides "Within three years after an arbitral award falling under the [New York Convention] is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration." 9 U.S.C. § 207.

47. Accordingly, Malik now timely files this Petition with this Court seeking an order confirming the Final Award issued on July 3, 2025, and awarding as damages against GAT the amounts set forth in the Final Award, plus accrued interest and fees.

48. Section 207 of the FAA further provides: "The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said [New York Convention]." *Id*.

49. Article V of the New York Convention contains the potential grounds for refusal of recognition or enforcement of the Final Award. None of the potential grounds for refusal to enforce the Final Award are present as concerns the Confirmation, the Invoice, the Malik GTCs, the Final Award and the New York Convention.

50. Section 13 of the FAA requires Malik file the following documents:

    A. A duly authenticated original award or a duly certified copy thereof, and

9

B. The original agreement referred to in article II or a duly certified copy thereof.

51. As discussed above, a duly certified copy of the Final Award is attached as Exhibit C to the Bercaw Declaration and the arbitration clauses appear in Paragraphs 19.2 and 19.3 of the Malik GTCs, a certified copy of which is attached as Exhibit B to the Bercaw Declaration, under which the Final Award was rendered in favor of Malik.

52. Accordingly, the FAA requires the confirmation and enforcement of the Final Award against GAT, plus an additional award to Malik for the costs and attorney's fees incurred in this proceeding, and any additional accrued interest and post-judgment interest.

53. As of September 23, 2025, Malik is entitled to recover from GAT a total of $228,601.78 under the Final Award, as follows: $157,450.07 in amounts due on the unpaid balance of the Invoice and the Malik GTCs; administrative fees of $2,245.57, pre-arbitration costs of $4,191.42; and, $30,014.92 in attorneys and arbitrator's fees incurred in the Danish arbitration, which amounts are fixed at this time; contractual interest under the Malik GTCs for the unpaid balance of the Invoice as well as statutory interest under Danish law on the costs incurred prior to the commencement of arbitration and on the attorneys and arbitrator's fees incurred in the Danish arbitration.

WHEREFORE, Malik Supply A/S respectfully requests that this Court:

1. Enter an order confirming the July 3, 2025 Final Award in Favor of Malik Supply A/S and against Global American Transport LLC in the amount of $228,601.78, plus additional contractual and statutory interest that has accrued as set forth in the Final Award and through the date of entry of judgment, along with post-judgment interest, all costs and fees associated with these proceedings, and such other and further relief as the Court deems just and proper.

2. Enter judgment in favor of Malik Supply A/S and against Global American Transport LLC in the amount of $228,601.78, plus additional contractual and statutory interest that has accrued as set forth in the Final Award and through the date of entry of judgment, along with post-judgment interest, all costs and fees associated with these proceedings, and such other and further relief as the Court deems just and proper.

Dated: September 12, 2025

Respectfully submitted,

/s/ *Timothy S. McGovern*
Timothy S. McGovern (6275492)
Stuart F. Primack (6275721)
Floyd Zadkovich (US) LLP
53 W. Jackson Blvd., Suite 835
Chicago, Illinois 60604
773-339-6268
tim.mcgovern@floydzad.com
stuart.primack@floydzad.com

and

/s/ *James D. Bercaw*
James D. Bercaw (to be admitted *pro hac vice*)
KING & JURGENS, L.L.C.
201 St. Charles Avenue, Ste. 4500
New Orleans, Louisiana 70170
Tel: 504.582.3800
Fax: 504.582.1233
jbercaw@kingjurgens.com

Counsel for Petitioner, Malik Supply, L.L.C.